UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Brian Elsmore | ) | Case # 18-10341 |
| Mercedes Elsmore | ) | Chapter 7 |
| | ) | |
| _____ Debtors _____ | ) | |

*CONSENT* **CHAPTER 7 TRUSTEE'S MOTION TO (I) APPROVE A SHORT SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS PURSUANT TO 11 U.S.C. § 363(b), (f), AND (m), (II) SURCHARGE AGREEMENT BETWEEN SECURED LENDER AND THE ESTATE AND (III ) OTHER RELIEF (DOC. )**
*(WITH CONSENT OF SECURED LENDER)*

Theresa M. Bender (the "Trustee"), duly appointed Chapter 7 Trustee for the above referenced debtors (the "Debtors") pursuant to Sections 105 and 363 of the Bankruptcy Code hereby files this motion ("Motion") for entry of an order for authority to sell certain real property free and clear of all liens, encumbrances, and interests.  In support thereof, the Trustee respectfully states as follows:

JURISDICTION

1.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (M), (N), and (O).

2.      Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

3.      The basis for the relief requested are 11 U.S.C. §§ 363(b), (f), and (m), Federal Rules of Bankruptcy Procedure 2002 and 6004.

BACKGROUND

4.      On 12/20/2018 the Debtors commenced this case by filing a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code (the "Petition Date").

5.      Theresa M. Bender is the duly appointed and qualified Chapter 7 Trustee.

1

6.      The Trustee held and concluded the 341 meeting of creditors on 02/13/2019.

7.      The Debtors scheduled a 100% ownership interest in the real property located at 4025 NORTHWEST 35TH STREET GAINESVILLE, FL 32605 (the "Property") and legally described as follows:

LOT 25, OF A REPLAT OF LOTS 1-5, 7, 8, 19-36, AND 39-43 OF SABLE CHASE CLUSTER SUBDIVISION, PHASE I, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK P, PAGE 97, OF THE PUBLIC RECORDS OF ALACHUA COUNTY, FLORIDA.

8.      The Debtors scheduled the Property as having a value of $210,000.00 subject to a mortgage in favor of Mr. Cooper (the "Secured Creditor(s)") in the amount owed on the Petition Date of approximately $179,752.00

9.      The Trustee, after reviewing certain materials, including (without limitation) the BK Score™[1], sales analysis report and opinion of value for the Property provided by BK Global ("BKRES") and Listing Agent, has determined it to be in the best interest of the Debtors estate and all creditors to negotiate to obtain Secured Creditor's agreement and consent ("Consent") to:

    a.  sell the Property to whichever third party Trustee determines to have made the best qualified offer during a public sale approved by the Court;

    b.  release the Senior Mortgage and otherwise waive all of its claims against the estate with respect to the Property (including any deficiency claims resulting from the proposed sale); and

    c.  agree to a 11 U.S.C. § 506 surcharge to pay all of the expenses associated with the proposed sale, including the payment of a 6% real estate brokerage commission to BKRES and Listing Agent and reimbursement of their out-of-pocket expenses, and

---

[1] The BK Score™ is a 100-point rating that is generated by a proprietary algorithm from 10 unique property attributes in order to consistently measure sales confidence and predict market value.

provide a carve out for the benefit of allowed unsecured creditors of the Debtors estate.

10. The Secured Creditor has represented and warranted that it possesses a valid, perfected, enforceable and unavoidable first mortgage lien on the Property by virtue of a promissory note and mortgage recorded in the Official Records Book of Alachua County, Florida, consisting of principal and Interest (the "Secured Creditor Indebtedness").

RELIEF REQUESTED

11.    The Trustee requests the entry of an order pursuant to Section 363 of the Bankruptcy Code approving the sale of the Property, using the services of BKRES and Listing Agent, free and clear of all liens, claims, encumbrances, and interests.  As a material inducement to the Trustee's decision to pursue the proposed sale, the Secured Creditor consents to the Property's sale and the creation of a carve-out fund (the "Carve-Out Fund") that will provide for the costs of this case to be paid and provide a recovery for other creditors.  The Trustee requests that any creditor (other than the Secured Creditor) asserting an interest or secured claim against the Property be required to assert no later than 5 days prior to the hearing on the instant Motion, and substantiate the basis for such asserted interest or secured claim, or the Court will authorize the sale of the Property free and clear of any such asserted interest or security interest, with such claims, at best, being treated as a general unsecured claim.

BASIS FOR RELIEF

A.    The Sale of the Property Should Be Approved

12.    The Trustee seeks the Court's authority to sell the Property free and clear of all liens, claims, encumbrances, and interests, but otherwise "As-Is, Where-Is" and without representations or warranties of any type, express or implied, being given by the Trustee and his professionals, pursuant to the Sale procedures described below.

13.     Pursuant to Section 363(b) of the Bankruptcy Code, a Trustee, after notice and hearing, may use, sell, or lease property of the Debtors estate other than in the ordinary course of business. The Court should approve the sale if the Trustee can demonstrate a sound business justification for the sale and if the sale process is fair, open, and reasonable. *See Official Comm. Of Unsecured Creditors of LTV Aerospace & Defense Co. v. LTV Corp. (In re Chateaugay Corp.)*, 973 F.2d 141, 143 (2d Cir. 1992); *see also In re Sarah's Tent, LLC*, 396 B.R. 571, 573 (Bankr. S.D. Fla. 2008).  Further, Bankruptcy Rule 6004(f) contemplates sales outside of the ordinary course of business.

14.     The Trustee, through the services of BKRES and Listing Agent, have listed the property and accepted an offer that has been approved by the Secured Creditor and will result in a carve-out for the Bankruptcy Estate of $10,125.00.  Attached as Exhibits "A" and "B" respectively are the settlement statement and letter of consent/approval from the Secured Creditor.

15.     Accordingly, the Trustee submits that the sale of the Property pursuant to the above process is reasonable under Section 363(b) of the Bankruptcy Code.

B.     <u>The Sale of the Property Should Be Approved Free and Clear of All Interests</u>

16.     Pursuant to Section 363(f) of the Bankruptcy Code, the Trustee may sell property free and clear of any interest in such property in an entity other than the estate if (1) permitted under applicable non-bankruptcy law; *(2) the party asserting such interest consents*; (3) the interest is a lien and the purchase price at which the property is to be sold is greater than the aggregate value of all liens on the property; (4) the interest is the subject of a bona fide dispute; or (5) the party asserting the interest could be compelled, in a legal or equitable proceeding, to accept a money satisfaction for such interest. *See In re Smart World Techs.*, LLC, 423 F.3d 166, 169 n.3 (2d Cir. 2005) ("Section 363 permits sales of assets free and clear of claims and interests . . . It thus allows purchasers . . . to acquire assets [from a debtor] without any accompanying liabilities.");  *see also In re MMH Auto. Group, LLC*,

4

385 B.R. 347, 367 (Bankr. S.D. Fla. 2008).

17.    The Trustee states that she shall satisfy Section 363(f)(2) of the Bankruptcy Code because the *Secured Creditor consents* to a sale of the property under Section 363(f)(2) of the Bankruptcy Code, free and clear of all liens, claims, encumbrances, and interests.

18.    The Trustee requests that any creditor (other than the Secured Creditor) asserting an interest or secured claim against the Property, after proper notice is given, be required to timely assert and substantiate the basis for such asserted interest or secured claim, by filing and serving responsive papers no later than 5 days prior to the hearing on the instant Motion, or the Court will authorize the sale of the Property free and clear of any such asserted interest or security interest, with such claims, at best, being treated as a general unsecured claim.[2]    Failure to object after proper notice and opportunity to object is deemed consent.  *See BAC Home Loans Servicing LP v.* Grassi, 2011 WL 6096509 (1st Cir. BAP Nov. 21, 2011); *Citicorp Homeowners Servs., Inc. v.* Elliott, 94 B.R. 343 (E.D. Pa. 1988); *In re* Gabel, 61 B.R. 661 (Bankr. W.D. La. 1985); *Futuresourse LLC v. Reuters Ltd.*, 312 F.3d 281 (7th Cir.); *In re Harbour E. Dev., Ltd.*, 2012WL1851015, at *12 (Bankr. S.D. Fla., May 21, 2012).   A Title Commitment has been prepared by the closing agent/title company.

19.    Accordingly, under Section 363(f)(2) of the Bankruptcy Code, the Trustee seeks authority to sell the Property free and clear of all liens, claims, encumbrances, and interests but otherwise "As-Is, Where-Is" and without representations or warranties of any type given by the Trustee or his professionals. Notwithstanding that the Trustee will seek authority to execute all documents and instruments he deems reasonable, necessary and/or desirable to close the sale, the only documents that the Trustee shall be required to deliver to close shall be (a) a Trustee's Deed, and (b) a copy of the Final Sale Order.

---

[2] The Trustee reserves the right to dispute the alleged amount of any such claim both to validity and amount.

20.     The Secured Creditor agrees to pay at closing (1) all outstanding real estate taxes, including any prorated amounts due for the current tax year; (2) if applicable, the lesser of any HOA fees accrued post-petition or the equivalent to twelve months' assessments and (3) all closing costs excluding professional fees but including State Documentary Stamps for the entire closing price pursuant to Florida Statue Sections 201.01 and 201.02; (4) the carve out to the Trustee.  Any payments by the Secured Creditor as stated herein shall be subject to any and all limitations on the Secured Creditor's liability for any fees and costs under applicable law.

C.     The Sale Will Be Undertaken by the Buyer in Good Faith

21.     Section 363(m) of the Bankruptcy Code protects a good faith purchaser's interest in property purchased from a debtor notwithstanding that the sale conducted under section 363(b) was later reversed or modified on appeal.

22.     The sale should be found to have been in good faith if the Trustee can demonstrate the transaction occurred at arm's-length and without fraud or collusion. *See Kabro Assocs. of West Islip, LLC v. Colony Hill Assocs. (In re Colony Hill Assocs.)*, 111 F.3d 269, 276 (2d Cir. 1997) ("Typically, the misconduct that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders." (citation omitted)); see *also In re Lorraine Brooke Associates, Inc.*, No. 07-12641 2007 WL 2257608 (Bankr. S.D. Fla. Aug. 2, 2007) (holding that a sale was entitled to the protections of Section 363(m) of the Bankruptcy Code when it was based upon arm's length bargaining and without collusion).

23.     The Trustee asserts that the sale of the Property will utilize a competitive and transparent marketplace that facilitates an arm's-length sale without fraud or collusion.  Accordingly, the Trustee respectfully requests that the Court find that the purchaser(s) will be entitled to the protections of

Section 363(m) of the Bankruptcy Code.

24.     The Trustee further states that:

(a)     the Trustee has reviewed the tax implications of the proposed Sale and has determined that the proposed sale will not result in a capital gains tax event to the estate or other taxable event which would negate the benefit realized from the Carve Out;

(b)     the Trustee has determined, based upon a review of the schedules and information derived from the 341 meeting, that there will likely be a meaningful distribution to creditors based upon the understanding that the final sale price and the total dollar amount of claims to be filed in this case are both unknown and can only be estimated at this time; and

(c)     Given the information available at this time, the Trustee has made an educated evaluation and determined that the proposed Sale is in the best interest of the estate and its creditors.

25.     ***Time is of the essence. The Secured Creditor consent depends upon closing by October 31, 2019.  This Motion is filed Expedite for that reason.***

26. The Trustee respectfully requests that this Court: (a) waive the 14 day stay pursuant to Rule 6004(h), deem the sale order enforceable immediately upon entry, and authorize the Trustee to close on the sale immediately upon entry of the Final Sale Order; (b) authorize the Trustee to take all actions and execute all documents he deems reasonable, necessary and/or desirable to effectuate the requested relief; (c) retain sole and exclusive personal subject matter jurisdiction to implement, interpret and enforce the terms of the this Motion and the Final Sale Order; and (d) adjudicate all claims, controversies and/or disputes arising from or related to the proposed sale.

<u>CONCLUSION</u>

WHEREFORE, the Trustee respectfully requests that the Court enters an Order approving the short sale of the Property pursuant to Sections 105 and 363 of the Bankruptcy Code and for such other and further relief as this Court deems just and equitable under the circumstances of the case.

RESPECTFULLY SUBMITTED,

<u>/s/Theresa M. Bender</u>
Theresa M. Bender, Trustee
P.O. Box 14557
Tallahassee, FL 32317
Phone: (850) 205-7777
E-mail: tmbenderch7@gmail.com

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion has been furnished via first-class United States Mail, postage prepaid, or via electronic mail this 8 day of October, 2019 to:

By U.S. Mail/ECF

Brian Elsmore & Mercedes Elsmore, - 4025 NORTHWEST 35TH STREET, GAINESVILLE, FL 32605;

Mr. Cooper, 8950 Cypress Waters Blvd, Coppell, TX 75019

Barbara A. Cusumano on behalf of Debtor Brian Malcolm Elsmore
Barbara@BarbaraDebtLaw.com, BarbaraDebtLaw.CaseManager@gmail.com

Barbara A. Cusumano on behalf of Joint Debtor Mercedes Elsmore
Barbara@BarbaraDebtLaw.com, BarbaraDebtLaw.CaseManager@gmail.com

Elizabeth Eckhart on behalf of Creditor U.S. Bank National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-7N
eeckhart@logs.com, electronicbankruptcynotices@logs.com
MCCOY ANDERSON, GATOR HOMES, 21727 SE 69TH AVE, HAWTHORNE, FL. 32640

PATRICK BUTLER, PBUTLER@BKGINC.COM

United States Trustee,  USTPRegion21.TL.ECF@usdoj.gov

<u>/s/Theresa M. Bender</u>

8



CHANGING THE FACE OF HOME LOANS

8950 Cypress Waters Blvd.
Coppell, TX 75019

THERESA M BENDER *Ch. 7 Trustee*
4306 sw 69 terrace
Gainsvile, FL 32608

**OUR INFO**
**ONLINE**
www.mrcooper.com

September 25, 2019

**YOUR INFO**
**LOAN NUMBER:** 611207747
**PROPERTY ADDRESS:**
4025 NORTHWEST 35TH STREET
GAINESVILLE, FL 32605

Dear THERESA M BENDER:

Mr. Cooper conditionally approves the sale of the above referenced property that will result in a short
payoff of the mortgage.

Our approval is conditioned upon the following:

1.) The closing must occur by noon (CT) on 11/1/2019, or before that date
2.) Prior to releasing any funds to a subordinate mortgage/lien holder(s), the servicer through its
agent must obtain written commitment from the subordinate lien holder that it will release the
borrower from all claims and liability relating to the subordinate lien in exchange for receiving
the agreed upon payoff amount. A copy of the written commitment provided by the subordinate
lien holder must be sent to the servicer with the final Settlement Statement which is provided in
advance of the closing for approval
3.) The approved buyer(s) is/are Shawn Ingram.
4.) The approved Gross Sales price is $ 202,500.00.
5.) Allowable closing costs are limited* to the following:

   a. Commissions Closing                                  $ 12,150.00
   b. Total Other Closing Costs                            $ 17,224.10
   c. Negotiated Subordinate 2nd Lien Release (if applicable)  $   0.00
   d. Negotiated Subordinate 3rd Lien Release (if applicable)  $   0.00
   e. Seller's Concessions (if applicable)                 $   0.00
   f. Relocation Assistance (if applicable)                $ 3,000.00
   g. Extension Fee (if applicable)                        $   0.00

*These are the estimated allowable closing costs. In some circumstances, final closing costs may be
approved which exceed these estimates. See Important Notice below.

6.) Seller(s) acknowledge and agree as follows:

   a. The seller(s) must not receive any proceeds from the short sale transaction, unless
   otherwise approved by us as advised in section 5 of allowable closing costs.

Mr. Cooper is simply a new brand name for Nationstar Mortgage LLC. Nationstar Mortgage LLC is doing business as Nationstar
Mortgage LLC d/b/a Mr. Cooper. Mr. Cooper is a service mark of Nationstar Mortgage LLC. All rights reserved.

**Please be advised this communication is sent for informational purposes only and is not intended as an attempt to collect,
assess, or recover a claim against, or demand payment from, any individual protected by the U.S. Bankruptcy Code. If this
account has been discharged in a bankruptcy proceeding, be advised this communication is for informational purposes
only and not an attempt to collect a debt against you; however, the servicer/lender reserves the right to exercise the legal
rights only against the property securing the loan obligation, including the right to foreclose its lien under appropriate
circumstances. Nothing in this correspondence shall be construed as an attempt to collect against the borrower personally
or an attempt to revive personal liability.**

If you are a successor in interest (received the property from a relative through death, devise, or divorce, and you are not a borrower
on the loan) that has not assumed, or otherwise become obligated on the debt, this communication is for informational purposes
only and is not an attempt to collect a debt from you personally.



EQUAL HOUSING
OPPORTUNITY



*mr.*
**cooper**
CHANGING THE FACE OF HOME LOANS

    b. All insurance proceeds, miscellaneous proceeds, and proceeds held in suspense/impound will be applied to the loan deficiency, unless otherwise agreed to in writing by us and Seller(s).

7.) The total Seller's Cash Contribution required at closing is $   0.00.

8.) In addition to the Cash Contribution at closing (as stated in section 7), the seller is also required to execute a promissory note in the amount of $   0.00.  A promissory note will not need to be executed at the time of closing if the amount required is $0.00.

9.) Net proceeds must meet or exceed $170,125.90 including any Seller's Cash Contribution at the time of closing.

10.) Unless specified otherwise by applicable law, the short sale transaction must be an "Arms Length" transaction, and the attached Short Sale Affidavit (if provided) must be signed at closing and returned.

11.) All Final Settlement Statements must be submitted via Equator.com for final approval at least 3 days prior to closing.

12.) If the approved terms above change in any way, are delayed, or cancelled please notify us through Equator messaging immediately. Any changes needed within 10 business days of the closing date may not be eligible for approval or may delay the final closing date.

    a. We reserve the right to charge a per diem for any delays.

13.) The foreclosure process may continue during the short sale transaction under certain circumstances.  If the complete loss mitigation application was received less than 37 days prior to a scheduled foreclosure in states other than Nevada, California and Minnesota, there may not be time to prevent the scheduled sale from moving forward.

14.) All short sales of loans that have mortgage insurance coverage are subject to mortgage insurer approval.

15.) <u>All funds from the sale must be wired to:</u>
            Wells Fargo Bank, 420 Montgomery Street, San Francisco, CA 94104
            Routing #121000248 Account #4059000611207747
Funds received after 3:00pm Central Time may be posted on the following business day. Please include the Mortgagor's Loan Number on all correspondence. Loan number and Borrower name must be attached to the wire. If the funds received are less than the net proceeds approved in this letter, the funds will be returned.

16.) **The Short Sale Affidavit (if required), wire confirmation, final Settlement Statement, and this seller signed approval letter must be uploaded through Equator.com prior to the final Settlement Statement approval being issued**. Any delays in receiving these documents may result in the return of the wire and cancellation of this approval.

17.) In the event of any action arising out of or relating to this Agreement or in connection with any foreclosure action dismissed as a result of entering into this Agreement, if permitted by applicable law, each party shall bear its own costs and expenses, including reasonable attorneys fees, incurred in connection with such action.

Upon meeting all the conditions specified in this letter, we  agree to (1) file a withdrawal of the Notice of Sale, if any has been recorded,  2) provide any documents necessary for release of mortgage after we receive the required funds and  3) make reasonable efforts to have any pending foreclosure action dismissed against the borrower(s)/mortgagor(s). Additionally, upon satisfaction of these conditions, in jurisdictions where collection of deficiency balances is not permitted by applicable law, collection of the debt is conditioned or prohibited by a proceeding in Bankruptcy Court or where investor guidelines prohibit collection of such balances, we will waive any remaining balance on the account.



CHANGING THE FACE OF HOME LOANS

If you have any questions, your Dedicated Loan Specialist is Shaneta Jenkins and can be reached at 866-316-2432 or via mail at PO Box 619097, Dallas, TX 75261. Our hours of operation are Monday through Monday through Thursday from 7 a.m. to 8 p.m. (CT), Friday from 7 a.m. to 7 p.m. (CT) and Saturday from 8 a.m. to 12 p.m. (CT). Visit us on the web at www.mrcooper.com for more information.

Sincerely,

Mr. Cooper

***IMPORTANT NOTICE***

We reserve the right to adjust any portion of this statement at any time for one or more of the following reasons, but not limited to: recent advances, returned items, additional fees or charges, disbursements made on your behalf, scheduled payment(s) from an escrow account, transfer of servicing and/or inadvertent clerical errors. This payoff estimate does not waive our rights to collect any funds which become due on this account as a result of any subsequent adjustments.

Additionally, we will not provide reconveyance or release of the Security Instrument until the net proceeds and all other items required above have been received.

By signing below, I certify that I have read, agree to, and accept the terms and conditions set forth in this letter.

_____     9/24/19     Theresa M. Bender     7/24/19
[Borrower 1 Printed Name]      Date      as Trustee for Elsmore #18-10341     [Borrower 2 Printed Name]      Date

_____     _____     _____     _____
[Borrower 1 Signature]      Date      [Borrower 2 Signature]      Date

| American Land Title Association | ALTA Settlement Statement - Cash |
|---|---|
| | Adopted 05-01-2015 |

**Bright Line Title, LLC**
**ALTA Universal ID: 1101418**
**5404 Cypress Center Drive**
**Suite 150**
**Tampa, FL 33609**

File No./Escrow No. :    BFL19-67533
Print Date & Time:    October 7, 2019   3:35 pm
Officer/Escrow Officer :
Settlement Location :

Property Address:    4025 NW 35th Street
                     Gainesville, FL 32605
Buyer:    Shawn Ingram
         4025 NW 35th Street
         Gainesville, FL 32605
Seller:    Theresa M. Bender, as Trustee for the Bankruptcy Estate of Brian and Mercedes Malcolm
         Elsmore

Settlement Date:    November 01, 2019
Disbursement Date:    November 01, 2019

| Seller | | Description | Buyer | |
|---|---|---|---|---|
| **Debit** | **Credit** | | **Debit** | **Credit** |
| | | **Financial** | | |
| | 202,500.00 | Sale Price of Property | 202,500.00 | |
| | | Deposit | | 2,000.00 |
| | | | | |
| | | **Prorations/Adjustments** | | |
| 3,562.23 | | County Taxes<br>01/01/19 - 11/01/19 | | 3,562.23 |
| | | | | |
| | | **Title Charges and Escrow/Settlement Charges** | | |
| 150.00 | | Doc Prep to Bright Line Title, LLC | | |
| 1,400.00 | | Settlement/Closing Fee to Bright Line Title, LLC | 850.00 | |
| 350.00 | | Title Search & Exam Fee to Bright Line Title, LLC | | |
| 150.00 | | Title Search Update (2) to Bright Line Title, LLC | | |
| | | Owner's Title Insurance to Bright Line Title, LLC<br>  Coverage: 202,500.00<br>  Premium: 1,087.50 | 1,087.50 | |
| | | | | |
| | | **Commissions** | | |
| 8,100.00 | | Listing Agent Commission to Gator Homes Realty | | |

Copyright 2015 American Land Title Association
All rights reserved

| Seller Debit | Seller Credit | Description | Buyer Debit | Buyer Credit |
|---|---|---|---|---|
| | | **Commissions (continued)** | | |
| 4,050.00 | | Selling Agent Commission to Golden Rule Real Estate | | |
| | | | | |
| | | **Government Recording and Transfer Charges** | | |
| | | Recording Fees to Clerk of Circuit Court | 91.00 | |
| 1,417.50 | | FL - State Deed Transfer Tax to Clerk of Circuit Court | | |
| | | | | |
| | | **Payoff(s)** | | |
| 170,130.27 | | Payoff of First Mortgage Loan to Mr. Cooper Loan Payoff                    0.00 Total Payoff        170,130.27 | | |
| | | | | |
| | | **Miscellaneous** | | |
| | | Association Fee to Sable Chase Cluster Subdivision Community Associat | 90.00 | |
| 10,125.00 | | BK Estate fee to Theresa M. Bender, as Trustee for the Bankruptcy E | | |
| 395.00 | | Closing Fee to Ocean Title | | |
| 100.00 | | Court Order pnd approval 11 U.S.C. § 506(c) to BK Global | | |
| 2,220.00 | | HOA Dues/Fees to Sable Chase Cluster Subdivision Community Associat | | |
| 350.00 | | Lien Search Fee to Coast 2 Coast Lien Search & Mitigation Service, LL | | |
| | | November Assessment to Sable Chase Cluster Subdivision Community Associat | 90.00 | |

| Seller Debit | Seller Credit | | Buyer Debit | Buyer Credit |
|---|---|---|---|---|
| 202,500.00 | 202,500.00 | **Subtotals** | 204,708.50 | 5,562.23 |
| | | **Due from Buyer** | | 199,146.27 |
| 202,500.00 | 202,500.00 | **Totals** | 204,708.50 | 204,708.50 |

Copyright 2015 American Land Title Association
All rights reserved

File # BFL19-67533 / 86
Printed on 10/07/19 at  3:35:33PM by mverducci

**Acknowledgement**

We/I have carefully reviewed the ALTA Settlement Statement and find it to be a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction and further certify that I have received a copy of the ALTA Settlement Statement.  We/I authorize Bright Line Title, LLC to cause the funds to be disbursed in accordance with this statement.

Buyer

_____
Shawn Ingram

Seller

Theresa M. Bender, as Trustee for the Bankruptcy Estate of Brian and Mercedes Malcolm Elsmore

BY:_____

_____
Settlement Agent

Copyright 2015 American Land Title Association
All rights reserved

Page 3 of 3

File # BFL19-67533 / 86
Printed on 10/07/19 at  3:35:33PM by mverducci