**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

In re:                                                                               Case No.: 18-10341-KKS

**ELSMORE, BRIAN**                                                Chapter 7
**ELSMORE, MERCEDES**
    Debtors

_____/

**ORDER GRANTING CHAPTER 7 TRUSTEE'S MOTION TO (I) APPROVE A
SHORT SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS,
ENCUMBRANCES, AND INTERESTS PURSUANT TO 11 U.S.C. § 363(b), (f),
AND (m), (II) SURCHARGE AGREEMENT BETWEEN SECURED LENDER
AND THE ESTATE, AND (III) OTHER RELIEF (Doc. 42)**
(4025 NORTHWEST 35TH STREET GAINESVILLE, FL 32605)

THIS CAUSE came before the court on 10/17/19 to consider Chapter 7 Trustee, Theresa Bender's ("Trustee") *Motion to Sell Real Property and Pay Secured Creditors* (the "Motion") (Dkt. No. 42). The Motion was served upon all interested parties informing the parties of their opportunity to respond within 7 days of the date of service as approved by this Court; the Secured Creditor, U.S. Bank National Association, as Trustee for Lehman XS Trust Mortgage Pass-Through Certificates, Series 2007-7N, currently serviced by NationStar Mortgage LLC d/b/a Mr. Cooper having consented, and no party filed a response within the time permitted; and the Court therefore considers the Motion unopposed. Accordingly, it is:

**ORDERED**:

1. The notice of the Motion is approved as proper and adequate under the circumstances.

2. The Motion is GRANTED.

3. The Trustee is authorized to sell the real property located at 4025 NORTHWEST 35TH STREET GAINESVILLE, FL 32605 (the "Real Property"), for **$202,500.00**, conditioned on the consent of its lienholder(s), and in accordance with the terms provided for in the Motion.

4. The Trustee is authorized to pay the secured mortgage creditor, Mr. Cooper, (also known as "Secured Creditor") the sum of **$170,130.27** in full and fair satisfaction of their lien as of the date of closing, consistent with Mr. Cooper's approval letter attached to the Motion to Sell.

5. The Trustee is authorized to take any and all actions and to execute any and all documents necessary and appropriate to effectuate and consummate the terms of said sale, including, executing a deed conveying the interests of the Debtor in the Property to the Buyer

6. Pursuant to Section 363(f) of the Bankruptcy Code, effective upon closing, the sale of the Real Property will vest in the Buyer(s) all right, title and interest of the Debtors and the bankruptcy estate in the Real Property, free and clear of the liens, claims or interests listed below (collectively, the "Affected Interests"):

1. <u>Brian Elsmore</u>, Debtor, name on deed

2. <u>Mr. Cooper</u>, mortgage lienholder

3. Sable Chase Cluster Subdivision Community Association, Inc.

7.  This Order is and shall be effective as a determination that, upon and subject to the occurrence of the closing of the sale, all Affected Interests have been and hereby are adjudged and declared to be unconditionally released as to the Real Property.

8.  The Buyer has not assumed any liabilities of the Debtors.

9.  The Trustee, and any escrow agent upon the Trustee's written instruction, shall be authorized to make such disbursements, consistent with that draft HUD attached as an Exhibit to the Motion, on or after the closing of the sale as are required by the purchase agreement or order of this Court, including, but not limited to, (a) all delinquent real property taxes and outstanding post-petition real property taxes pro-rated as of the closing with respect to the real property included among the purchased assets; and (b) other anticipated closing costs (estimated below):

Total Sales/Brokers Commission:

| | |
|---|---:|
| 2% to GATOR HOMES REALTY | $4050.00 |
| 2% to Golden Rule Real Estate | $4050.00 |
| 2% to BK Global Real Estate Services | $4050.00 |
| (Incl. 506(C) Surcharge made payable to "Theresa M. Bender, Chapter 7 Trustee for Elsmore") | $10,125.00 |

and Customary Government recording / transfer charges as set forth in that draft HUD attached as an exhibit to the Motion to Sell.

10. Without further order of the court, the Trustee is authorized to pay closing costs in amounts different than the estimated amounts described above so long as they are within industry standard and with the consent of the lienholder, Secured Creditor and applicable home owners association, with the exception of the surcharge to the Trustee.

11. Except as otherwise provided in the Motion, the Real Property shall be sold, transferred, and delivered to Buyers pursuant to a "Trustee's Deed" on an "as is, where is" or "with all faults" basis.

12. Buyer is approved as a buyers in good faith in accordance with Section 363(m) of the Bankruptcy Code, and Buyer shall be entitled to all protections of Section 363(m) of the Bankruptcy Code.

13. This Court retains jurisdiction to enforce and implement the terms and provisions of this Order and the purchase agreement, all amendments thereto, any waivers and consents thereunder, and each of the documents executed in connection therewith in all respects, including retaining jurisdiction to (a) compel delivery of the Real Property to the Buyer(s), (b) resolve any disputes arising under or related to the purchase agreement, and (c) resolve any disputes regarding liens, claims, or interests asserted against the Real Property.

14. The purchase agreement and any related documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by the parties, without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' bankruptcy estate.

15. Should the closing not occur on or before November 1, 2019, 12:00 o'clock noon (CT), per the terms of Mr. Cooper's approval/consent letter, attached as an Exhibit to the Motion, any subsequent sale short of full payoff will be subject to U.S. Bank's final approval.

16. The 14 day stay pursuant to Rule 6004(h), is waived and the sale order is enforceable immediately upon entry, and authorize the Trustee to close on the sale immediately upon entry of the Final Sale Order.

DONE AND ORDERED on this __17th__ day of October 2019.

KAREN K. SPECIE
United States Bankruptcy Judge

Trustee is directed to serve a copy of this order on interested parties and file a proof of service within three (3) days of entry of the order.

Order prepared by: Theresa M Bender

Copies provided to:
Debtors
Debtors' Counsel
UST
Parties in Interest